UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLOS P.N.,[1]

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-07931-TLN-CKD

A# 023-214-147

**RELEASE ORDER**

This matter is before the Court on Petitioner Carlos P.N.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondent filed an Answer and supplemental briefing. (ECF Nos. 6, 16.) For the reasons set forth below, Petitioner's habeas petition is GRANTED and Respondent is ordered to IMMEDIATELY RELEASE Petitioner.

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is a native and citizen of Cuba. (ECF No. 1 at 2.) Petitioner has resided in the United States since 1980. (ECF No. 6 at 50; ECF No. 12 at 4.) Petitioner was ordered removed to Cuba on December 7, 2010. (ECF No. 6 at 1, 7; ECF No. 16 at 9–10.) Petitioner was placed on an Order of Supervision ("OSUP") on or about February 9, 2011. (ECF No. 16 at 9.) Petitioner has been convicted of several criminal offenses including theft, drug possession, "pass forged/uttering check," and trespassing. (ECF No. 6 at 2.) Petitioner's most recent conviction was for trespassing in 2013. (ECF No. 6 at 2; ECF No. 12 at 5.) Respondent only lists Petitioner's rap sheet items and does not substantively argue Petitioner is a danger to the community or a flight risk. (ECF No. 6 at 2, 14–48)

On August 26, 2026, almost sixteen years after the order of removal was issued, Petitioner was arrested by local authorities. (ECF No. 6 at 51.) U.S. Customs and Immigration Enforcement ("ICE") lodged an immigration detainer and took custody of him at a Miami area county jail the next day. (*Id.*) Petitioner's OSUP was revoked. (ECF No. 16 at 9–10.)

Petitioner has now been detained for almost three months. (ECF No. 1 at 1.) Petitioner was first detained at the Krome North Service Processing Center in Miami, Florida before being transferred to California City Immigration Processing Center. (ECF No. 6 at 54–55; ECF No. 1 at 1.) Petitioner concurrently filed a habeas petition with the United States District Court for the Southern District of Florida in Case No. 1:26-cv-26794-DPG. (ECF No. 6 at 2, 54–55.) The Southern District of Florida case was transferred to this District. (*[P.N.] v. Krome North Service Processing Center*, 1:26-cv-08460-TLN-CKD, ECF Nos. 1, 7, 8.) No. 1:26-cv-08460-TLN-CKD was related to the instant case and closed where the cases were duplicative and Petitioner had the benefit of counsel in the instant case. (*[P.N.] v. Krome North Service Processing Center*, No. 1:26-cv-08460-TLN-CKD, ECF Nos. 13, 14.)

On September 28, 2026, Petitioner filed the instant Petition and motion for temporary restraining order. (ECF Nos. 1, 2.) On October 7, 2026, the Court appointed counsel for Petitioner. (ECF No. 7.) On October 20, 2026, Petitioner filed a Reply. (ECF No. 12.) On

November 6, 2026, the Court requested supplemental briefing from Respondent "regarding Petitioner's likelihood of removal." (ECF No. 13.) Respondent provided supplemental briefing on November 17, 2026. (ECF No. 16.)

Petitioner alleges his civil immigration detention is unconstitutional. (ECF No. 12 at 2–4.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner argues his re-detention without a bond hearing violates his procedural due process rights.[2] (ECF No. 1 at 3; ECF No. 12 at 2–5.) In opposition, Respondent claims Petitioner has a final removal order which subjects him to mandatory detention under 8 U.S.C. § 1231. (ECF No. 6 at 1.) Respondent argues Petitioner is detained pursuant to § 1231(a)(6). (*Id.* at 2.)

In Respondent's supplemental briefing, it states: (1) "Petitioner has been in detention under six months and has not demonstrated there is no significant likelihood of removal in the

---

[2] Petitioner also argues his re-detention violates substantive due process and he is due a bond hearing under 8 U.S.C. § 1231(a)(6). (ECF No. 12 at 3–5.) Because this Court finds relief warranted under Petitioner's procedural due process claims, the Court declines to assess Petitioner's other claims in favor of judicial economy.

reasonably foreseeable future[;]" (2) "ICE has deported a significant number of Cubans in 2025 and 2026[;]" and (3) "Petitioner is detained pursuant to 8 USC § 1231 and his OSUP was revoked." (ECF No. 16 at 1–2.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

8 U.S.C. § 1231(a) governs detention of a noncitizen after a final order of removal has been issued. Under § 1231(a), once a removal order is final, the government must "remove the [noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the initial 90-day removal period, the government shall detain the noncitizen. 8 U.S.C. § 1231(a)(2). However, under § 1231(a)(6), certain noncitizens may be detained beyond the removal period, including "[noncitizens] who have been ordered removed, namely, inadmissible [noncitizens], criminal [noncitizens], [noncitizens] who have violated their nonimmigrant status conditions, and [noncitizens] removable for certain national security or foreign relations reasons, as well as any [noncitizen] 'who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Zadvydas*, 533 U.S. at 688 (citing § 1231(a)(6)).

In *Zadvydas*, the United States Supreme Court considered prolonged immigration detention under § 1231(a)(6). 533 U.S. 678 (2001). The Court recognized a presumptively reasonable six-month period of detention to effect removal after an order of removal becomes final. *Id.* at 701. As with all presumptions, the *Zadvydas* presumption of reasonableness is rebuttable. "*Zadvydas* did not hold that the statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal." *Clark v. Martinez*, 543 U.S. 371, 384 (2005) (citing *Zadvydas*,

533 U.S. at 697-99) (emphasis in original). "[O]nce the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." *Zadvydas* at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Respondent argues it benefits from the *Zadvydas* presumption because Petitioner has not been detained for six months. (ECF No. 16 at 1.) Even if Respondent benefits from the *Zadvydas* presumption, the Court determines Petitioner has sufficiently rebutted the presumption and provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. For almost sixteen years the government did not execute Petitioner's order of removal to Cuba. (ECF No. 6 at 7.) Petitioner does not have a definitive removal date. (ECF No. 12 at 1.) Nor does Petitioner refusing to sign papers consenting to removal to Mexico extend the removal period where it ended in 2011. (ECF No. 6 at 7; ECF No. 16 at 12, 20.)

Thus, Petitioner has made a sufficient showing that he is not significantly likely to be removed to either Cuba or Mexico. *See Perez Canet v. Blanche*, No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763, at *3 (D. Nev. Apr. 22, 2026) (finding there was no significant likelihood of removal to Cuba in the reasonably foreseeable future where petitioner stated Cuba "has not and will not issue travel documents or admit him" and Cuba's position generally is "not to accept Cuban nationals under final orders of removal from the United States").

Respondent does not provide any evidence to the contrary. Respondent states "ICE has deported a significant number of Cubans in 2025 and 2026." (ECF No. 16 at 2.) Yet Respondent makes no allegations about whether *Petitioner's* deportation to Cuba will occur in the reasonably foreseeable future. (ECF No. 16 at 2.) Respondent's statement is not tied to Petitioner's particular situation. (*Id.*) Furthermore, Respondent has not obtained a travel document to Mexico, does not identify the policies or procedures for removal to Mexico, and does not

reference an agreement that Mexico has agreed to accept Petitioner. (*See* ECF Nos. 6, 16.) *See, e.g.*, *Elshourbagy v. Bondi*, 817 F. Supp. 3d 1102, 1110 (W.D. Wash. 2025) ("There is no evidence that steps have been taken to obtain a Ugandan travel document for Petitioner, that Uganda has any interest in accepting Petitioner, or even that there has been any communication with Uganda regarding Petitioner at all."); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) ("Courts in this circuit have regularly refused to find Respondent's burden met where Respondent has offered little more than generalizations regarding the likelihood that removal will occur."); *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025); *Van Nguyen v. Bondi*, 818 F. Supp. 3d 1235, 1240 (W.D. Wash. 2026).

Respondent therefore fails to carry its burden under *Zadvydas* after Petitioner rebutted the presumption of reasonableness. Respondent has provided no support for the contention Petitioner may be removed to Cuba or Mexico. Petitioner has refused to agree to removal to Mexico. Thus, detention is no longer reasonable because the reasonably foreseeable future is not "shrink[ing]" as Petitioner's "period of prior postremoval confinement grows." *See Zadvydas*, 533 U.S. at 701.

On the record before this Court, Petitioner's removal to any country is not reasonably foreseeable, therefore his continued detention violates the requirements of due process as promulgated by the Supreme Court in *Zadvydas*. *Id.* at 699.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Respondent must IMMEDIATELY RELEASE Petitioner Carlos P.N. (A# 023-214-147) from custody on the same conditions of his prior release. At the time of release, Respondent must return all of Petitioner's documents and possessions. Respondent must file a notice of compliance with this provision of the Order within **two (2) court days** from the date of this Order.

3. Respondent is ENJOINED from re-detaining Petitioner absent a travel document to Cuba and compliance with statutory and constitutional protections, including a minimum of seven-days' pre-deprivation notice and strict compliance with the requirements of 8 C.F.R. §§

241.4(l), 241.13(i).

4. Respondent is further ENJOINED from removing Petitioner to a third country until it first provides a minimum of ten-days' notice of such intent and a meaningful opportunity for Petitioner to assert a fear-based claim for relief from removal to that country. If Petitioner asserts a fear-based claim, Respondent must provide Petitioner a meaningful opportunity to be heard before an immigration judge prior to removal.

5. Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

6. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order**.

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: November 19, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE